**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.:**

**SHIRLEY SIMS-GIBBS,**

Plaintiff,

**JURY DEMAND**

v.

**MIAMI-DADE COUNTY,**

Defendant.

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**COMES NOW**, Plaintiff, SHIRLEY SIMS-GIBBS, by and through the undersigned, and brings this action for violations of the Family Medical Leave Act and in support thereof states the following:

**INTRODUCTION**

This is an action for violations under 29 U.S.C. § 2601, et seq ("Family and Medical Leave Act" or "FMLA"). Shirley Sims-Gibbs seeks injunctive relief, back pay and lost benefits, compensatory damages, and attorney's fees and costs of litigation

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2601, *et seq.* and the authority to grant declaratory relief pursuant to 28 U.S.C. § 2201, *et seq.*

2. Venue is proper in this district under 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to these claims occurred within this district.

3. Specifically, Plaintiff was employed by Defendant in Miami-Dade County, Florida, within this judicial district, and all of the actions and omissions giving rise to these claims occurred at Defendant's facilities located at 2525 NW 62nd Street, Miami, Florida 33147, within this district.

4. At all times material to this action, Plaintiff was an eligible employee within the meaning of the FMLA, 29 U.S.C. § 2611(2), and Defendant was a covered employer within the meaning of the FMLA, 29 U.S.C. § 2611(4).

5. All conditions precedent to bringing this action have been performed or have occurred.

**PARTIES**

6. Plaintiff, SHIRLEY SIMS-GIBBS, is an individual residing in Miramar, Broward County, Florida. Shirley Sims-Gibbs holds advanced degrees, including a Doctor of Education (Ed.D.) and a Master of Public Administration (M.P.A.), and was employed by Defendant at its Department of Solid Waste Management facilities in Miami, Florida.

7. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) had been employed by Defendant for at least 12 months prior to requesting FMLA leave, having been

continuously employed from July 1, 2024, through her termination on January 20, 2026; (b) worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave; and (c) suffered from a serious medical condition as defined by the FMLA .

8. Defendant, MIAMI-DADE COUNTY, is a political subdivision of the State of Florida and a local government entity.

9. At all times material to this action, Defendant operated the Department of Solid Waste Management where Plaintiff was employed, with offices located at 2525 NW 62nd Street, Miami, Florida 33147.

10. At all times relevant hereto, Defendant was and is an employer covered by the FMLA.

## FACTUAL ALLEGATIONS

11. Shirley Sims-Gibbs was hired by Defendant on July 1, 2024, to serve as Chief of Staff for the Department of Solid Waste Management, a high-level executive position with an annual salary of $150,000.00. She was directly recruited by Director Dr. Aneisha Daniel and received a CES waiver from the mayor, bypassing the traditional hiring process due to her exceptional qualifications.

12. Throughout her tenure as Chief of Staff, Shirley Sims-Gibbs performed her duties exemplarily, receiving consistent praise and maintaining an exemplary work record with no write-ups, progressive disciplinary actions, or counseling sessions.

13. On August 18, 2025, Shirley Sims-Gibbs received an "Above Satisfactory" performance evaluation with outstanding ratings in nearly all areas, with only one area marked for improvement related to learning county policies and procedures as a new municipal government employee.

14. During the same August 18, 2025 meeting, however, Director Daniel informed Shirley Sims-Gibbs that she was being moved to a Division Chief of PIO & Engagement position "with no change in pay," representing only a change in title and responsibilities.

15. On August 28, 2025, Shirley Sims-Gibbs properly submitted her medical documentation to Human Resources and began her FMLA leave. HR confirmed receipt of the medical documents and advised that due to FMLA protections, HR would inform Director Daniel that Shirley Sims-Gibbs was out on FMLA leave.

16. Despite being informed by HR that Shirley Sims-Gibbs was on protected FMLA leave, Director Daniel inappropriately contacted Shirley Sims-Gibbs directly via text message on August 28, 2025, at 10:05 AM, stating: "Hey good morning I just spoke with Ruelynn and she advised me that you submitted a LOA. I pray all is well. Please let me know if there's anything that I can do for you."

17. On August 29, 2025, just one day after Shirley Sims-Gibbs began her FMLA leave, Defendant dated a demotion letter, demonstrating that adverse

employment action was being taken against her immediately upon her exercise of FMLA rights.

18. Director Daniel continued to inappropriately contact Shirley Sims-Gibbs during her protected FMLA leave period, sending another text message on August 31, 2025, at 8:14 AM, stating: "Good morning Shirley, I'm not sure what's going on with you, but I've been worried about you. I'm really confused and concerned about the way you left. Since you haven't been communicating, I don't know how to support you."

19. On September 4, 2025, Shirley Sims-Gibbs received updated medical documentation from her medical provider extending her FMLA leave to return-to work date on September 22, 2025.

20. Shirley Sims-Gibbs' total FMLA leave lasted approximately three weeks, from August 28, 2025, through September 19, 2025, during which time she focused on treatment, recovery, and overall well-being under the care of both psychiatric and therapeutic medical professionals.

21. On September 22, 2025, Shirley Sims-Gibbs returned to work and was immediately called into a meeting with Director Daniel and HR Chief Ruelynn Garrett. Rather than welcoming her back, Director Daniel made hostile statements blaming Dr. Sims-Gibbs for her absence, stating: "unfortunately, you didn't communicate while you were out on FMLA. We didn't even know that you were coming back."

22. On her first day back from protected FMLA leave, Shirley Sims-Gibbs was demoted from Chief of Staff to Manager of Education and Outreach, a position approximately 3-5 management levels below her previous role.

23. This demotion resulted in an immediate reduction in Dr. Sims-Gibbs' salary representing a potential loss of approximately $10,000 annually.

24. As part of the demotion, Shirley Sims-Gibbs was required to immediately vacate her private corner office next to the Director and move her belongings to a cubicle.

25. On September 23, 2025, Shirley Sims-Gibbs was forced to complete the humiliating process of moving her belongings from her executive office to a cubicle, a public demonstration of her demotion that was witnessed by other employees.

26. As further retaliation, IT personnel removed the printer from Shirley Sims-Gibbs' cubicle on Director Daniel's specific orders. When IT employee Carlos was questioned about this action, he stated: "Director Daniel said no printers are allowed in cubicle" and "I know, I am just following orders," despite other staff members, such as Ayling Gonzalez and Lavern Moore, having printers in their cubicles.

27. On January 15, 2026, Shirley Sims-Gibbs was called into a meeting with Director Daniel, HR Chief Ruelynn Garrett, and Chief of Staff Misty Brown.

28. During this meeting, Director Daniel became openly hostile toward Shirley Sims-Gibbs and explicitly referenced her FMLA leave stating, "well last time you said no problem, you didn't communicate. She said, I know you were on FMLA, but you didn't communicate."

29. Director Daniel continued her hostile attack stating, "well I don't trust you... I don't trust you can deliver the message" and making threatening statements about Shirley Sims-Gibbs' continued employment stating, "well working for the county, there does not have to be a reason to let someone go. The county is at-will."

30. Director Daniel further demonstrated her retaliatory animus by stating, "I am the Director and I can't be around her walking on eggshells. You are walking around here, like you a victim, like someone did something to you. This is my house, this is my department, I am the Director."

31. When Shirley Sims-Gibbs appropriately stated, "I know my rights. I do not have to talk about something that happened four months ago," Director Daniel responded threateningly, "well I will have to do what I have to do."

32. This hostile meeting lasted approximately 45 minutes, during which Shirley Sims-Gibbs was subjected to verbal abuse, threats, and explicit retaliation for her protected FMLA leave, all in the presence of other senior staff members.

33. The next day on January 16, 2026, Shirley Sims-Gibbs was called into another meeting and formally terminated from her employment with Miami-Dade County.

34. The temporal proximity between Shirley Sims-Gibbs' FMLA leave, her demotion immediately upon return from leave, the continued treatment explicitly referencing her FMLA leave, and her ultimate termination demonstrates a clear pattern of interference with and retaliation for her exercise of FMLA rights.

35. Defendant's actions were willful and intentional, demonstrating a deliberate disregard for Shirley Sims-Gibbs' federally protected rights under the FMLA, as evidenced by Director Daniel's explicit references to the FMLA leave as a basis for distrust and adverse employment actions.

36. As a direct and proximate result of Defendant's unlawful interference with and retaliation for Shirley Sims-Gibbs' exercise of her FMLA rights, she has suffered substantial economic damages including lost wages, reduced salary, loss of benefits, and diminished future earning capacity, as well as significant emotional distress, humiliation, and damage to her professional reputation.

## COUNT I
## INTERFERENCE FOR EXERCISING FMLA RIGHTS
## (29 U.S.C. § 2615(a)(1))

37. Plaintiff realleges and incorporates by reference paragraphs 1 through 36 as if fully set forth herein.

38. At all times relevant to this action, Plaintiff was an eligible employee under the FMLA and entitled to FMLA leave based on her serious medical condition.

39. Defendant interfered with Plaintiff's FMLA rights by:

a. Inappropriately contacting Plaintiff during her protected FMLA leave through text messages on August 28, 2025, and August 31, 2025, despite being informed by HR that she was on FMLA leave;

b. Dating a demotion letter on August 29, 2025, just one day after Plaintiff began her FMLA leave, demonstrating that adverse employment action was initiated immediately upon her exercise of FMLA rights;

c. Failing to restore Plaintiff to her equivalent position as Chief of Staff upon her return from FMLA leave on September 22, 2025;

40. Defendant's actions directly violated 29 U.S.C. § 2615(a)(1), which makes it unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any right provided under the FMLA.

41. Defendant's interference was willful, knowing, and demonstrated a reckless disregard of Plaintiff's rights under the FMLA, as evidenced by Director Daniel's explicit statements blaming Plaintiff for lack of communication during her

protected leave and the temporal proximity between her FMLA leave and the adverse employment actions.

42. As a direct and proximate result of Defendant's unlawful interference with her FMLA rights, Plaintiff has suffered:

a. Loss of wages, salary, employment benefits, and other compensation totaling approximately $9,000 annually;

b. Loss of her executive-level position, career opportunities, and advancement prospects;

c. Emotional distress, mental anguish, humiliation, and damage to her professional reputation;

d. Loss of health insurance coverage; and

e. Other monetary and non-monetary losses.

**COUNT II**
**RETALIATION FOR EXERCISING FMLA RIGHTS**
**(29 U.S.C. § 2615(a)(2))**

43. Plaintiff realleges and incorporates by reference paragraphs 1 through 36 as if fully set forth herein.

44. Plaintiff engaged in protected activity under the FMLA by taking medically necessary FMLA leave from August 28, 2025, through September 19, 2025, for a serious medical condition.

45. In direct response to Plaintiff's exercise of her FMLA rights, Defendant engaged in retaliatory actions including:

a. Dating a demotion letter on August 29, 2025, just one day after Plaintiff began her FMLA leave;

b. Immediately demoting Plaintiff from Chief of Staff to Manager of Education and Outreach upon her return from protected leave on September 22, 2025;

c. Reducing Plaintiff's salary from $5,942.30 bi-weekly to $5,595.26 bi-weekly, representing an annual reduction of approximately $9,000;

d. Forcing Plaintiff to vacate her executive corner office and move to a cubicle;

e. Removing Plaintiff's printer from her cubicle on Director Daniel's specific orders while allowing other employees to have printers in their cubicles; and

f. Terminating Plaintiff's employment, directly after the meeting where Director Daniel cited Plaintiff's FMLA leave as a basis for distrust.

46. The temporal proximity between Plaintiff's protected activities and Defendant's adverse employment actions demonstrates a clear causal connection between her exercise of FMLA rights and the retaliatory conduct.

47. Defendant's retaliatory actions were willful, intentional, and demonstrated a reckless disregard for Plaintiff's federally protected rights under the FMLA.

48. As a direct and proximate result of Defendant's unlawful retaliation, Plaintiff has suffered:

a. Loss of wages, salary, employment benefits, and other compensation totaling approximately $9,000 annually;

b. Complete loss of employment and termination of all compensation effective January 20, 2026;

c. Loss of career opportunities, advancement prospects, and damage to her professional reputation;

d. Emotional distress, mental anguish, humiliation, and loss of dignity from the public demotion and hostile treatment;

e. Loss of health insurance coverage; and

f. Other monetary and non-monetary losses.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, SHIRLEY SIMS-GIBBS, respectfully requests that this Court enter judgment in her favor and against Defendant, MIAMI-DADE COUNTY, and grant the following relief:

1. Declare that Defendant's actions violated Plaintiff's rights under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*;

2. Award Plaintiff back pay and benefits, including but not limited to lost wages from her demotion (approximately $9,023.04 annually), complete loss of wages from her wrongful termination effective January 20, 2026, lost health insurance benefits, and other employment benefits, plus interest thereon at the statutory rate;

3. Award Plaintiff front pay in lieu of reinstatement, including compensation for diminished future earning capacity due to damage to her professional reputation and career prospects;

4. Award Plaintiff liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), in an amount equal to the damages awarded under paragraph 2 above;
5. Award Plaintiff compensatory damages for emotional distress, mental anguish, humiliation, loss of dignity, and damage to her professional reputation caused by Defendant's unlawful conduct;

6. Issue an injunction prohibiting Defendant from engaging in further interference with or retaliation against employees for exercising their rights under the FMLA;

7. Award Plaintiff her reasonable attorneys' fees and costs incurred in this action pursuant to 29 U.S.C. § 2617(a)(3); and

8. Grant such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff SHIRLEY SIMS-GIBBS hereby demands a trial by jury on all issues so triable.

Dated: April 14, 2026

RESPECTFULLY SUBMITTED,

*/s/ Denise A. Mutamba*
Denise Mutamba, Esq.
Florida Bar No: 111727
MDM Legal, PLLC
7754 Okeechobee Blvd, #4-3068
West Palm Beach, FL 33411
Email: denise@mdmattorneys.com
filing@mdmattorneys.com
Phone: (561) 872-3601
*Attorney for Plaintiff*